FOURNET, Chief Justice
(dissenting).
The accused, Russell Alexander, following his arraignment on an indictment returned by the grand jury of St. Martin Parish for a murder committed in that parish, secured a change of venue to St. Mary Parish, in which parish, following the quashing of . the original indictment, he was reindicted, tried, and convicted. This second indictment, returned by the grand jury of a parish other than the one where the crime was committed, is illegal; consequently, all proceedings that followed are fatally defective.
While this case involves one of the most heinous and brutal crimes in the history of the state, there is, nevertheless, nothing more fundamental in our Republican form of government than the guarantee that an accused cannot be deprived of life, liberty, and property without due process of law. Amendment V of the Federal Constitution, and Section 2 of Article I of the Louisiana Constitution.
The original colonies were slow to adopt the Federal Constitution until they were assured the first ten amendments thereto would also be adopted. In these amendments, referred to as the Bill of Rights envisioned in our Declaration of Independence, it is specifically provided that “No person shall be held to answer for a capital * * * crime, unless on a presentment or indictment of a Grand Jury.” Fifth amendment to the Federal Constitution. This provision is incorporated verbatim in Section 9 of Article I of the Louisiana Constitution of 1921. In this same section it is further provided that all “trials shall take place in the parish in which the offense was committed, unless the venue be changed.” And there is the further stipulation in our constitution that “A grand jury of twelve * * * shall be empanelled in each parish twice in each year * * *.” Section 42 of Article VII. (The emphasis has been supplied.)
The legislature, in conformity with these mandates, adopted R.S. 15:209 to provide that “The grand jury shall inquire into all crimes punishable with capital punishment, and into all other crimes triable within the parish, when their attention has been directed to the subject of such crime * * * in every case submitted to them in which, in their judgment, the evidence before them, if unexplained and uncontradicted, would warrant a conviction.” • ‘
*599 Thus it may be seen that those selected by the people to draft our constitution in clear and unequivocal language, fixed the territorial limits of the courts having jurisdiction in criminal matters, assuring that no one can be legally charged with the commission of an offense except before the court within the territorial jurisdiction where the crime was committed. Neither the legislature by statute, nor this court by judicial decision, can go beyond these constitutional limits.
With all due respect to my esteemed colleagues who constitute the majority, they have overlooked the fact that a change of venue is authorized for the sole and only purpose of furnishing the accused with a speedy trial by an impartial jury, as guaranteed in the Bill of Rights of both our Federal and state constitutions, and was never intended to confer on a grand jury having no authority over the place where the crime was committed the right to reindict an accused when the indictment returned by the grand jury of the place where the crime was committed has been wiped out of existence as illegal under a defense motion to quash.
I must, therefore, respectfully dissent.
Rehearing denied.